UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. KLING, | : |
| | : |
|     Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-03-0271 |
| | : |
| ROBERT W. MEYERS, | : (Judge Kosik) |
| | : |
|     Respondent | : |

# **M E M O R A N D U M**

## I. Introduction

John J. Kling is presently serving a sentence of twelve (12) to thirty (30) years imprisonment at the State Correctional Institution at Rockview, Pennsylvania. He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 10, 2003. In the petition, he challenges his 1998 conviction for third degree murder, aggravated assault, reckless endangerment and possession of marijuana following a jury trial in the Court of Common Pleas of Fulton County, Pennsylvania. On initial screening, the court dismissed the petition as time-barred pursuant to 28 U.S.C. § 2244(d) and directed that the case be closed. A motion for reconsideration filed by Petitioner was granted after Petitioner provided support to

the court establishing that his petition had been timely filed.[1]  The petition is presently before the court for disposition.  For the reasons that follow, the petition will be denied.

## II.     Background

The following facts are extracted from the Superior Court of Pennsylvania's May 7, 1999 opinion on Petitioner's direct appeal from his conviction.

> On August 28, 1996, appellant was driving his red Chrysler Conquest near McConnellsburg when he noticed a black Chevrolet Camaro in his rear view mirror.  The Camaro, driven by Larry Seville, took off after appellant and both automobiles began racing up a curvy mountain road known as Scrub Ridge.  At speeds in excess of 80 m.p.h., both vehicles reached the crest of Scrub Ridge, and with appellant in the lead, the improvident competitors began descending the mountain road.
>
> The first downside mile from the top of Scrub Ridge is riddled with eight substantial curves and five cautionary speed signs.  Nevertheless, appellant maintained his excessive speeds, pulling away from the Camaro and disappearing into the blind curves.  Through the second of these curves, appellant was on the wrong side of the road and nearly hit Jean Pepple traveling the opposite direction in her minivan.  In spite of this near collision, appellant neither slowed down nor took action to mitigate the obvious danger from his racing.
>
> Approaching the eighth major curve on the downslope, appellant swung into the no-passing zone and blew past two pickup trucks traveling in front of him.  He then headed into the sharp double

---

[1] The court directed that the case be reopened and provided Petitioner with the notice required in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  Petitioner elected to proceed on his petition as filed.  A Show Cause order was then issued directing Respondent to answer the allegations in the petition.  Respondent thereafter filed a motion to vacate the court's order reopening this case arguing that the petition was barred by the statute of limitations.  Respondent's motion was subsequently denied in that their calculation of the limitations period was incorrect.  (Doc. 14.)

> curve at nearly 70 m.p.h., crossed the center line again, and struck a vehicle driven by Helen Mellott. The collision, eight-tenths of a mile after appellant ran Ms. Pepple off the road, killed Ms. Mellott instantly and left her ten-year-old son with a ruptured artery to his liver.
>
> On December 17, 1997, following a jury trial, appellant was found guilty of third degree murder, aggravated assault, recklessly endangering another person, and possession of marijuana. He was sentenced to prison for an aggregate term of twelve to thirty years . . . .

(Doc. 15, Ex. 3, Pa. Super. Ct. Op. dated May 7, 1999 at 1-2.)

Kling filed a direct appeal from his conviction to the Pennsylvania Superior Court raising the following grounds: (1) insufficient evidence to establish malice; (2) trial court error in denying requested jury charges and (3) trial court error in ruling on evidentiary matters. The Superior Court affirmed the lower court's judgment on May 7, 1999. See Commonwealth v. Kling, 731 A.2d 145 (Pa. Super. 1999). He thereafter filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court which was denied on October 20, 1999. See Commonwealth v. Kling, 745 A.2d 1219 (Pa. 1999).[2]

On October 12, 2000, Kling filed a petition under the Pennsylvania Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9501, et seq., raising ineffective assistance of counsel claims. The PCRA petition was denied by the Fulton County Court of Common Pleas on January 9, 2002. This decision was appealed to both the Pennsylvania Superior Court and Supreme Court. Kling thereafter filed the pending habeas corpus petition wherein he raises the

---

[2] In the Petition for Allowance of Appeal, Kling argued the issue of the sufficiency of the evidence of the mens rea element to establish the necessary malice for the convicted offenses.

3

sole claim challenging the sufficiency of the evidence. Kling argues that the evidence adduced at trial does not support a conviction for third degree murder or aggravated assault because he did not have the requisite state of mind to commit such crimes. He states that the evidence fails to demonstrate the required element of malice.

### III.   STANDARD OF REVIEW

#### A.   Exhaustion

A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless available state-court remedies on the federal constitutional claim have been exhausted. 28 U.S.C. § 2254 (b)(1); Stevens v. Del. Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002). The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002). "Fair presentation" of a claim means that the petitioner "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)(citations omitted); See also, Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004).

Another avenue of relief is also available for exhaustion purposes - - that of collateral review under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq., "which permits motions for post-conviction collateral relief for allegations of error, including ineffectiveness of counsel, unlawfully induced guilty pleas, improper obstruction

of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).[3]

Respondent argues that Kling has failed to exhaust the sole ground raised in his petition - - the challenge to the sufficiency of the evidence regarding malice. Respondent admits that "[o]n appeal, the sufficiency of the evidence was carefully reviewed by the Pennsylvania Superior Court . . . ." (Doc. 16 at 5.)  There is also no question that a petition for allowance of appeal was pursued to the Pennsylvania Supreme Court.  Respondent argues, however, that when raising the sufficiency of the evidence issue in state court, Kling failed to explicitly state that his claim was based on federal law and, as such, the state courts were never put on notice that a federal claim was being asserted by Kling.  (Doc. 11 at 4.)

Pursuant to 28 U.S.C. § 2254 (b)(2), an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.  Thus, because the court finds the petition to lack merit, it is unnecessary to make a determination in this case as to whether the claim was fairly presented in the state courts.

### B.   Merits Review

A federal court is authorized to grant habeas relief to a prisoner "in custody pursuant to

---

[3] The exhaustion requirement is satisfied if a Petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence or through a collateral proceeding, such as a petition under the PCRA.  It is not necessary, however, to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans v. Court of Common Pleas, 959 F.2d 1227, 1230-31 (3d Cir. 1992); Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984).

the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254. Habeas corpus relief shall be granted if the state court judgment: was contrary to clearly established federal law, as determined by the Supreme Court of the United States; involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or was the result of an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d).

A state court judgment is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court "on a question of law, or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

A state court judgment involves an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. To be an unreasonable application of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409; Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000). In determining whether the state court's application of the Court's precedent was objectively unreasonable habeas courts may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999). State court factual determinations are entitled to a presumption of correctness, and petitioner has the burden of rebutting that presumption by

6

clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Kling maintains that the record lacks evidence of malice sufficient to support his third degree murder and aggravated assault convictions. A claim that the evidence is insufficient to sustain the verdict is cognizable in habeas corpus as a due process claim. See Jackson v. Byrd, 105 F.3d 145 (3d Cir. 1997).  The test is whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. at 148 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)(emphasis in Jackson v. Virginia).  The court is not to make its own subjective determination of guilt or innocence.  Id. at 319 n.13.

When reviewing a sufficiency of the evidence claim on habeas corpus review, the court looks to state law to determine whether the prosecution proved each element of the offense. Byrd, 105 F.3d at 149.  Direct evidence is not required.   The element challenged by Kling in his petition is the requirement of malice.

Kling does not specifically claim that the Pennsylvania Superior Court applied any standard that was "contrary to" federal law as determined by the United States Supreme Court. It is clear, however, that the Pennsylvania Superior Court applied the same rule promulgated by the United States Supreme Court, that a conviction should be reversed if "in the light most favorable to the prosecution, no rational jury could find guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. at 324.  Kling's objections appear to rely primarily on the claim that the Superior Court "unreasonably applied" the sufficiency of the evidence standard.  In reviewing the record, it is clear that a rational trier of fact could have found defendant guilty

7

beyond a reasonable doubt, and the verdict is supported by substantial evidence.

The basis of Kling's claim is the lack of evidence to establish malice, an essential element of both third degree murder and aggravated assault. See Commonwealth v. Hickson, 402 Pa. Super. 53, 586 A.2d 393 (1990), appeal denied, 527 Pa. 663, 593 A.2d 838 (1991). The Superior Court set forth a thorough analysis as to the mens rea requirement including evaluation and comparison of numerous cases with regard to the evidence of malice required to sustain a conviction for third degree murder or aggravated assault. A reasonable jury could certainly have found malice to exist in this case based upon the following evidence adduced at trial. Kling was deliberately racing his high-powered car at speeds of 75-80 miles per hour on a two and one-half mile stretch of a curvy mountain road. He was familiar with the road in that he had traveled it at least two times per week for over a year prior to the crash. He passed five cautionary signs warning him to slow down around treacherous curves, yet proceeded at high rates of speed cutting corners to negotiate turns. He nearly hit another vehicle driving in the opposition lane of travel. He consciously disregarded this awareness and continued to race for eight-tenths of a mile after running the other vehicle off the road, illegally passing two trucks. He then sped into a dangerous double blind curve where he ultimately smashed into the victims. A reasonable jury clearly could have found the sustained recklessness on the part of Kling necessary to prove a knowing and conscious disregard that death or serious bodily injury was reasonably certain to occur. There exists sufficient evidence to sustain a finding of malice and, as such, the instant habeas petition will be denied. An appropriate Order follows.

Case 3:03-cv-00271-EMK-LQ   Document 18   Filed 11/14/05   Page 9 of 10

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. KLING, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-03-0271 |
| | : | |
| ROBERT W. MEYERS, | : | (Judge Kosik) |
| | : | |
| Respondent | : | |

## **O R D E R**

**NOW, THIS 14th DAY OF NOVEMBER, 2005,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to mark this case **closed**.

3. There is no basis for the issuance of a certificate of appealability.

                                                                         s/Edwin M. Kosik
                                                    United States District Judge